Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| OSVALDO I. FANTAUZZI MÉNDEZ Y OTROS<br><br>Parte Apelante<br><br>v.<br><br>ÁLVARO J. RAMOS RODRÍGUEZ Y OTROS<br><br>Parte Apelada | TA2025AP00703 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Caso Núm. MZ2025CV01743<br><br>Sobre: Injunction (Entredicho Provisional, Injunction Preliminar y Permanente) y otros |

Panel integrado por su presidenta la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

## SENTENCIA

En San Juan, Puerto Rico, a 4 de marzo de 2026.

Comparece el Sr. Osvaldo I. Fantauzzi Méndez, la Sra. Milagros Figueroa Silva y la Sociedad Legal de Bienes Gananciales constituida por ambos (en conjunto, señor Fantauzzi Méndez o parte apelante) y solicita que revoquemos la *Sentencia* emitida[1] y notificada el 20 de noviembre de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de Mayagüez. En el referido dictamen, el TPI desestimó sin perjuicio la demanda incoada por la parte apelante al amparo de la Regla 10.2 (2) de Procedimiento Civil, *infra.*

Evaluado el recurso, y por los fundamentos que expondremos a continuación, confirmamos la sentencia apelada.

## I.

El 20 de octubre de 2025, señor Fantauzzi Méndez presentó una demanda de *injunction* estatutario al amparo del Artículo 14.1 de la Ley Núm. 161-2009, según enmendada, conocida como la *Ley para la Reforma del Proceso de Permisos de Puerto Rico*, 23 LPRA sec.

---

[1] Sentencia Enmendada *nunc pro tunc* el 21 de noviembre de 2025.

9024, contra el Dr. Álvaro J. Ramos Rodríguez (Dr. Ramos Rodríguez), ABC Corp., Demandada X y Aseguradora XYZ.  Según las alegaciones, el Dr. Ramos Rodríguez, sin contar con los permisos correspondientes, lleva a cabo trabajos de construcción en su predio que afectan el inmueble colindante propiedad del señor Fantauzzi Méndez.  En la demanda, también se reclamó una indemnización por los presuntos daños y perjuicios sufridos a consecuencia de las presuntas actuaciones del Dr. Ramos Rodríguez.

El 27 de octubre de 2025, el TPI expidió la *Orden y Citación*, y *Mandamiento* a nombre del Dr. Ramos Rodríguez, ABC Corp., Demandada X y Aseguradora XYZ. En igual fecha, el TPI emitió una orden mediante la cual señaló la fecha en que se llevaría a cabo la vista de *injunction* estatutario.

El 31 de octubre de 2025, el señor Fantauzzi Méndez presentó *Moción para Someter Diligenciamiento Citación y Orden, y Mandamiento*, acompañada con la prueba del diligenciamiento personal de la *Orden y Citación* y *Mandamiento* a nombre del Dr. Ramos Rodríguez.

El 10 de noviembre de 2025, el Dr. Ramos Rodríguez presentó una *Moción de Desestimación por Falta de Jurisdicción sobre la Persona del Demandado* (*Regla 10.2(2) de Procedimiento Civil),* en la que alegó que no fue emplazado conforme a la Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4. Adujo que, a pesar de que mediante declaración jurada el emplazador hizo constar que entregó personalmente al Dr. Ramos Rodríguez la *Orden y Citación* y el *Mandamiento* dirigido a éste, lo cierto fue que dicho emplazador entregó los documentos a la secretaria de la oficina sin preguntar por el médico, y tampoco cerciorarse del nombre de la secretaria y

si ella estaba autorizada a recibir emplazamientos en representación del médico.[2]

En respuesta, en su *Oposición a Moción de Desestimación*, el señor Fantauzzi Méndez alegó que el emplazamiento personal del Dr. Ramos Rodríguez fue debidamente diligenciado, razón por la cual el tribunal adquirió jurisdicción sobre la persona del demandado. El señor Fantauzzi Méndez se sustentó en la declaración jurada que acompañó con su escrito, suscrita por el emplazador José Juarbe Rodríguez (emplazador Juarbe Rodríguez), a quien le fue encomendado diligenciar el emplazamiento del Dr. Ramos Rodríguez. En ésta, el emplazador afirmó que:

> 5. Que al llegar al consultorio médico del Sr. Álvaro J. Ramos Rodríguez, aproximadamente a las 10:58 de la mañana, me dirigí a la recepción donde tres personas se encontraban hablando entre ellos, dos féminas y un varón.
>
> 6. Que al acercarme al mostrador, le mostré los documentos -la demanda y las órdenes- a la recepcionista los cuales fueron recibidos por ésta.

---

[2] Véase, expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) en el caso MZ2025CV01743, *Moción de Desestimación por Falta de Jurisdicción sobre la Persona del Demandado* (*Regla 10.2(2) de Procedimiento Civil*), entrada 15. En específico, la moción mencionó que:

> 3. El día 31 de octubre de 2025, aproximadamente a las 10:58 de la mañana el Sr. José Juarbe Rodríguez se personó a las oficinas de "Westside Dermatology", sitas en el primer piso de la Calle Del Rio #13 de Mayagüez, Puerto Rico y le entregó a la mano unos papeles a la Sra. Claudia L. Ramos, Secretaria de dicha oficina, y acto seguido se fue de la referida oficina.
>
> 4. Que el referido Sr. José Juarbe Rodríguez, solamente le indicó a la Sra. Claudia L. Ramos que le entregaba una citación, sin preguntar por el Dr. Álvaro J. Ramos Rodríguez, sin preguntar tan siquiera su nombre y si estaba autorizada a recibir lo que posteriormente se supo era una orden y citación y mandamiento los cuales estaban llenos previamente en su dorso.
>
> 5. Que el diligenciamiento al dorso de la orden alude a que se le "entregó personalmente a la parte demandada".
>
> 6. Que el diligenciamiento al dorso del mandamiento alude a que se le "notificó personalmente a Álvaro J. Ramos Rodríguez".
>
> 7. Que lo anterior es falso de toda falsedad y constituye perjurio al Tribunal, ya que nunca el Sr. José Juarbe Rodríguez le entregó, ni notificó ni le diligenció personalmente al demandado Álvaro J. Ramos Rodríguez ningún documento relacionado con el caso de epígrafe, ni el referido Álvaro J. Ramos Rodríguez se encontró ni se encontraba tan siquiera haciéndolo accesible en la inmediata presencia de dicho Sr. Juarbe Rodríguez, cuando le entregó los papeles a la Secretaria Claudia L. Ramos. Se acompaña declaración jurada de Claudia L. Ramos Rodríguez y video del día y la hora en que ocurrió el evento. (...).

7. Que al entregar los documentos a la recepcionista, cuando indiqué que los documentos eran para el Sr. Álvaro J. Ramos Rodríguez, la persona de sexo masculino que se encontraba dentro del mostrador, giró en su asiento y tomó en su poder los documentos entregados a la recepcionista y comenzó a examinarlos.

8. Que ante lo sucedido asumí de buena fe que el varón que se hizo cargo de los documentos dirigidos al Sr. Álvaro J. Ramos Rodríguez era dicha persona, o que, al menos, era la persona autorizada por éste para recibir tales documentos y abandoné la oficina.

9. Que en ningún momento dicha persona me indicó que él no fuera el Dr. Álvaro J. Ramos Rodríguez o que éste no se encontraba en el consultorio.[3]

El señor Fantauzzi Méndez apuntó en su oposición, además, que, según surgía del video que se incluyó con la moción de desestimación promovida por el Dr. Ramos Rodríguez, tanto "[e]l emplazador, así como cualquier persona razonable, podía llegar a la conclusión de que el caballero que se apresuró a tomar los papeles y quien estaba dentro de la oficina, era el propio demandado".[4] En tal virtud, solicitó que se denegara la moción de desestimación.

El 17 de noviembre de 2025, el TPI celebró la vista para dilucidar la controversia sobre el diligenciamiento del emplazamiento dirigido al Dr. Ramos Rodríguez. Las partes presentaron prueba testifical y documental en apoyo a sus respectivas posiciones.[5]

Evaluada la prueba desfilada, el 20 de noviembre de 2025, el TPI notificó la *Sentencia* objeto del presente recurso. Tras exponer cincuenta y seis (56) determinaciones de hechos y la norma jurídica aplicable a la controversia ante su consideración, el foro primario concluyó que el Dr. Ramos Rodríguez no había sido emplazado conforme las Reglas de Procedimiento Civil.

Al pronunciar su dictamen, el TPI confirió entera credibilidad al testimonio de la Sra. Claudia Ramos Rodríguez, a los efectos de

---

[3] *Íd., Declaración jurada el emplazador Juarbe Rodríguez,* Anejo de la entrada 17.
[4] *Íd., Oposición a Moción de Desestimación,* entrada 17.
[5] *Íd., Minuta,* entrada 20.

que el emplazador nunca procuró por el Dr. Ramos Rodríguez, y que solo se limitó a presentarse a la recepción de la oficina, entregar los documentos, y marcharse del lugar sin preguntar o verificar quién era la parte demandada a ser emplazada.

En otro extremo, el TPI no confirió credibilidad a las expresiones contradictorias del emplazador Juarbe Rodríguez. Aludió a las incongruencias entre lo declarado por éste durante la vista y lo expuesto bajo juramento en su declaración jurada. A tales efectos, el TPI mencionó que dicho emplazador, por un lado, al certificar el diligenciamiento de la citación, indicó que había emplazado personalmente al Dr. Ramos Rodríguez y por el otro, testificó en sala que *asumió* que la persona que recibió los documentos había sido el mencionado médico. Además, el tribunal destacó que el emplazador había admitido durante la vista que nunca preguntó por la persona del Dr. Ramos Rodríguez, ni cuestionó dónde éste se encontraba. También, el TPI puntualizó que el video ilustraba que el emplazador Juarbe Rodríguez tardó entre cuatro (4) y cinco (5) segundos en entrar a la oficina, dirigirse a recepción, entregar los documentos y marcharse, lo que corroboraba el testimonio de la Sra. Claudia Ramos Rodríguez. En cuanto a ésta, el tribunal apuntó que no es persona autorizada a recibir emplazamientos a nombre del Dr. Ramos Rodríguez.

En sus conclusiones, el TPI subrayó que la Regla 4.4 de Procedimiento Civil, *infra,* establece que cuando se emplace personalmente, se debe entregar físicamente copia de la demanda y del emplazamiento a la parte demandada o hacerlos accesible en su inmediata presencia, lo que, según concluyó a base de la prueba desfilada, el emplazador Juarbe Rodríguez no hizo. En virtud de lo anterior, el TPI declaró *ha lugar* a la moción de desestimación promovida por el Dr. Ramos Rodríguez y desestimó sin perjuicio la demanda por falta de jurisdicción sobre la parte demandada,

denominada Álvaro J. Ramos Rodríguez, ABC Corp., Demandada X y Aseguradora XYZ.

Inconforme con lo resuelto, el 4 de diciembre de 2025, el señor Fantauzzi Méndez presentó su *Moción de Reconsideración.*[6]   En síntesis, adujo que, ante la determinación de que el diligenciamiento realizado fue defectuoso, nada impedía que se expidiera y diligenciara otra *Orden y Citación* con una nueva fecha de señalamiento para la vista de *injunction* estatutario. Más aún, cuando la demanda incluía una reclamación en daños y perjuicios sobre la cual aún no se había expedido un emplazamiento que apercibiera de la obligación de presentar una alegación responsiva.

El 5 de diciembre de 2025, notificada el 8 de diciembre de 2025, el TPI dictó la *Resolución Reconsideración* mediante la cual declaró *no ha lugar* a la moción de reconsideración.

Insatisfecho aún, el 19 de diciembre de 2025, el señor Fantauzzi Méndez incoó el presente recurso de apelación, en el que apuntó los siguientes señalamientos de error:

> PRIMER ERROR: Erró el Tribunal de Primera Instancia al aprobar un proyecto de sentencia, sin realizar un análisis exhaustivo, favoreciendo así a la parte que lo redactó con una resolución desproporcionada.

> SEGUNDO ERROR: Erró el Tribunal de Primera Instancia al desestimar la Demanda de *Injunction Estatutario* al amparo de la Ley Núm. 161-2009 y Daños y Perjuicios.

El 10 de febrero de 2026, la parte recurrida, Dr. Ramos Rodríguez, compareció mediante una *Moción de Desestimación.*[7]  El señor Fantauzzi Méndez interpuso su correspondiente oposición.[8] Evaluados los escritos, este Tribunal emitió una *Resolución* el 17 de febrero de 2026, en la que declaró *no ha lugar* a la solicitud de desestimación.[9]

---

[6] *Íd., Moción de Reconsideración*, entrada 28.
[7] SUMAC-TA, entrada 2.
[8] *Íd., Moción en Oposición a "Moción de Desestimación"* de 13 de febrero de 2026, entrada 3.
[9] *Íd.,* entrada 4.

Con el beneficio del expediente apelativo, damos por perfeccionado el recurso, sin la oposición de la parte recurrida.

**II.**

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, establece los fundamentos para que una parte en un pleito pueda solicitar la desestimación de una demanda en su contra mediante la presentación de una moción fundamentada por cualquiera de los motivos en ella expuestos.[10]  En particular, la Regla 10.2 (2) de Procedimiento Civil, *supra*, dispone que el demandado puede fundamentar su solicitud de desestimación en que el tribunal está impedido de adquirir jurisdicción sobre su persona.

El emplazamiento es un mecanismo procesal que tiene el propósito de notificar al demandado sobre la existencia de una reclamación incoada en su contra y, a su vez, es a través de este mecanismo que el tribunal adquiere jurisdicción sobre la persona del demandado.[11]  El emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial".[12]  La falta de diligenciamiento de un emplazamiento no solo priva al tribunal de jurisdicción sobre la persona, sino que invalida cualquier sentencia dictada en su contra.[13]

En nuestro ordenamiento jurídico, la figura del emplazamiento está regulada en la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4, y los requisitos que impone la regla son de estricto cumplimiento.[14]

La citada Regla 4 establece dos maneras para diligenciar un emplazamiento: de forma personal o mediante edicto.[15]  El

---

[10] *El Día, Inc. v. Mun. de Guaynabo,* 187 DPR 811, 820-821 (2013); *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 935 (2011).
[11] *Ross Valedón v. Hosp. Dr. Susoni et al.,* 213 DPR 481, 487-488 (2024); *Pérez Quiles v. Santiago Cintrón,* 206 DPR 379, 384 (2021).
[12] *Pérez Quiles v. Santiago Cintrón,* supra.
[13] *Acosta v. ABC, Inc.,* 142 DPR 927, 931 (1997).
[14] *SLG Rivera-Pérez v. SLG Díaz-Doe,* 207 DPR 636, 647 (2021).
[15] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1005 (2021); *Sánchez Ruiz v. Higuera Pérez,* 203 DPR 982, 987 (2020).

emplazamiento personal es el método idóneo para adquirir jurisdicción.[16]

Para el emplazamiento personal, específicamente la Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4, dispone, en lo pertinente, que:

> El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento sobre su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega. El diligenciamiento se hará de la manera siguiente:
>
> (a) A una persona mayor de edad, entregando copia del emplazamiento y de la demanda a ella personalmente o a un(a) agente autorizado(a) por ella o designado(a) por ley para recibir un emplazamiento.
>
> [...]
>
> (e) A una corporación, compañía, sociedad, asociación o cualquier otra persona jurídica, entregando copia del emplazamiento y de la demanda a un(a) oficial, gerente administrativo(a), agente general o a cualquier otro(a) agente autorizado(a) por nombramiento o designado(a) por ley para recibir emplazamientos.
>
> [...]

El Tribunal Supremo ha aclarado, que para que pueda adquirirse jurisdicción sobre el demandado, debe observarse rigurosamente el trámite dispuesto por nuestro ordenamiento procesal civil.[17]   También, el más alto foro ha aclarado que el demandado no viene obligado a cooperar con el demandante en el diligenciamiento del emplazamiento.[18]   Corresponde al demandante el peso de efectuar todos los actos procesales necesarios para poner al tribunal en posición de ejercer jurisdicción sobre la persona del demandado.[19]   Adviértase que, ante un emplazamiento defectuoso,

---

[16] *Caribbean Orthopedics v. Medshape et al.,* supra.
[17] *Rivera v. Jaume,* 157 DPR 562, 575 (2002).
[18] *Quiñones Román v. Cía. ABC,* 152 DPR 367, 375 (2000); *First Bank of P.R. v. Inmob. Nac., Inc.,* 144 DPR 901, 916 (1998).
[19] *Molina v. Supermercado Amigo, Inc.* 119 DPR 330, 340 (1987).

el tribunal está impedido de actuar contra una persona e invalida cualquier sentencia en su contra.[20]

En cuanto al plazo para diligenciar un emplazamiento y la consecuencia de no hacerlo dentro del plazo establecido, la Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3 (c), establece que transcurrido el término de 120 días a partir de la presentación de la demanda o de la expedición del emplazamiento por edicto sin que se hubiese diligenciado el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio.[21]

### III.

Comenzaremos la discusión del segundo señalamiento de error. En éste, el señor Fantauzzi Méndez alega que el TPI incidió al desestimar las dos causas de acción de la demanda, *injunction* estatutario y daños y perjuicios. Arguye que cualquier defecto en el diligenciamiento de la citación para la vista de *injunction* estatutario pudo ser subsanado con la expedición de una citación, porque, además, aún no se ha expedido el emplazamiento de la causa de acción ordinaria en daños y perjuicios.

Según el trámite procesal del caso, a raíz de la controversia planteada sobre la deficiencia en el diligenciamiento de la citación para la vista de *injunction* estatutario, el TPI celebró una vista en la que las partes argumentaron sus respectivas posiciones en cuanto al asunto. Luego de celebrar esa vista, el TPI emitió su sentencia en la que consignó que no le otorgó credibilidad al testimonio inconsistente del emplazador Juarbe Rodríguez. En cambio, le otorgó entera credibilidad al testimonio de la Sra. Claudia Ramos Rodríguez, quien afirmó que el emplazador nunca procuró al Dr. Ramos Rodríguez y que solo se presentó en la recepción de la oficina,

---

[20] *Rivera v. Jaume,* supra, pág. 574; *Acosta v. ABC, Inc.,* supra, pág. 931.
[21] *Ross Valedón v. Hosp. Dr. Susoni et al.,* supra, pág. 488.

entregó la orden-citación y se marchó de la oficina, sin preguntar o verificar quien era la parte demandada a ser emplazada. De hecho, el propio emplazador declaró que *asumió* que el caballero que se encontraba en el área de la recepción del consultorio era el Dr. Ramos Rodríguez. No surge que el señor Fantauzzi Méndez rebatiera esta prueba.

Conforme expuesto, la Regla 4.4 de Procedimiento Civil, *supra,* dispone que, en el caso de personas mayores de edad, el diligenciamiento del emplazamiento debe ser efectuado mediante entrega personal o a un agente autorizado por éstos o designado por ley para recibirlo. En el caso de corporaciones, mediante entrega a un oficial, gerente administrativo, agente general o a cualquier otro agente autorizado por nombramiento o designado por ley para recibir emplazamientos.

En el caso que nos ocupa, la orden citación dirigida y diligenciada al Dr. Ramos Rodríguez, ABC Corp., Demandada X y Aseguradora XYZ, fue entregada a la Sra. Claudia Ramos Rodríguez, secretaria del consultorio del médico, y sobre quien no se acreditó facultad alguna para recibir el emplazamiento a nombre del Dr. Ramos Rodríguez. Tampoco se le entregó personalmente al Dr. Ramos Rodríguez el emplazamiento. Siendo así, el diligenciamiento no fue efectuado conforme a derecho y, por tanto, fue defectuoso. Ello impidió que el TPI adquiriera jurisdicción sobre el Dr. Ramos Rodríguez y, a su vez, causó que el pleito no pudiera ser adjudicado en sus méritos.

Así pues, al no haberse acreditado el cumplimiento estricto de los requisitos del emplazamiento personal, actuó correctamente el TPI al concluir que nunca adquirió jurisdicción sobre la persona del Dr. Ramos Rodríguez y, por tanto, desestimar la demanda del presente caso sin perjuicio.

De otra parte, en el primer señalamiento de error, el señor Fantauzzi Méndez argumenta que el foro primario incidió al emitir un dictamen apoyado en el proyecto de sentencia del Dr. Ramos Rodríguez "sin realizar un análisis exhaustivo, favoreciendo así a la parte que lo redactó con una resolución desproporcionada".

En innumerables ocasiones, el Tribunal Supremo de Puerto Rico ha expresado que la costumbre de los tribunales de instancia de solicitar que las partes le presenten proyectos de sentencia no es de por sí una mala práctica y que es responsabilidad de los jueces escudriñar estos escritos y evaluar su contenido, de manera que no deleguen en otros su función adjudicativa.[22]

Una lectura de la *Sentencia* apelada demuestra que el TPI realizó un estudio ponderado de la prueba presentada durante la vista y que sus determinaciones de hechos corresponden al análisis de la referida prueba. Además, el señor Fantauzzi Méndez no anejó copia del supuesto proyecto de sentencia presentado por el Dr. Ramos Rodríguez, ni de ninguna orden emitida por el TPI que solicitara tal documento. Por tanto, no nos ha puesto en condiciones de poder determinar que dicho foro haya adoptado íntegramente un proyecto de sentencia preparado por el Dr. Ramos Rodríguez o que no realizara un análisis ponderado de la prueba presentada por las partes.

En conclusión, por no haberse cumplido de manera estricta con los requisitos del emplazamiento personal, se confirma la sentencia apelada que desestimó sin perjuicio demanda del presente caso.

**IV.**

Por los fundamentos expuestos, confirmamos la sentencia apelada.

---

[22] *Nieves Díaz v. González Massas,* 178 DPR 820, 854 (2010).

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones